**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **MICHAEL SANFORD**,<br><br>    Plaintiff,<br><br>v.<br><br>**LEWIS PATTERSON and<br>JONES COUNTY, GEORGIA**,<br><br>    Defendants. | Civil Action No. 5:13-CV-284 (HL) |

**ORDER**

This case is before the Court on Defendants' Motion to Dismiss. For the reasons discussed below, the motion is granted.

**I.    BACKGROUND**

In January of 2013, Discover Bank filed a complaint against Plaintiff in the Magistrate Court of Jones County, seeking recovery on a credit card account. The complaint was heard by Defendant Lewis Patterson, a Jones County magistrate judge. Judge Patterson entered judgment in favor of Discover Bank.

Plaintiff then filed this complaint pursuant to 42 U.S.C. § 1983 and Georgia state law against Judge Patterson and Jones County, his employer. In eleven causes of action, Plaintiff alleges that his First, Fourth, Fifth, Seventh, and Fourteenth Amendment rights were violated and that Defendants were negligent under Georgia state law. In general, Plaintiff alleges that he was entitled to a jury

trial; that he was entitled to have his case heard by an Article III court; that his equal protection rights were violated; and that his due process rights were violated. He further alleges that Jones County should be held liable for Judge Patterson's actions under the theory of respondeat superior. Plaintiff seeks $14,850,000 in general and compensatory damages, $9,500,000 in punitive damages, and an injunction preventing the enforcement of the judgment in the Jones County case.

Defendants have now moved to dismiss Plaintiff's complaint on the grounds of judicial immunity, sovereign immunity, and failure to state a claim upon which relief can be granted.

## II.    MOTION TO DISMISS STANDARD

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court tests the legal sufficiency of the complaint, not whether the plaintiff will ultimately prevail on the merits. Scheur v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The court must accept as true all facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff. Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002). The court, however, need not accept the complaint's legal conclusions as true. Ashcroft v. Iqbal, 556 U.S. 662, 677-79, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009).

A complaint must also "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). The plaintiff is required to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While there is no probability requirement at the pleading state, "something beyond . . . mere possibility . . . must be alleged." Twombly, 550 U.S. at 557 (citing Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347, 125 S.Ct. 1627, 1635, 161 L.Ed.2d 577 (2005)).

## III.  ANALYSIS

### A.  Judge Patterson

"It is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." Bradley v. Fisher, 13 Wall. 335, 347, 20 L.Ed. 646 (1872). Plaintiff's claims against Judge Patterson for damages under both 42 U.S.C. § 1983 and Georgia state law are barred in their entirety by the doctrine of judicial immunity. *See* Mireles v. Waco, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.") (citing Mitchell v. Forsyth, 472 U.S. 511, 526-

27, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)); Sibley v. Lando, 437 F.3d 1067, 1071 (11th Cir. 2005).

The law is well established that a state judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority. Forrester v. White, 484 U.S. 219, 227-29, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988); Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Congress did not abrogate the doctrine of judicial immunity when it enacted 42 U.S.C. § 1983. Judicial immunity protects judges against both state law claims and civil rights actions brought under § 1983.

This absolute immunity applies even when the judicial acts were done maliciously, were done in error, were illegal, or were in excess of the judge's authority. Stump, 435 U.S. at 355-57; Harris v. Deveaux, 780 F.2d 911, 914 (11th Cir. 1986). To determine whether a judge is entitled to absolute immunity, a two-part test was established in Stump: (1) whether the judge dealt with the plaintiff in a judicial capacity; and (2) whether the judge acted in the "clear absence of all jurisdiction." Stump, 435 U.S. at 357. The second prong of the test is "only satisfied if a judge completely lacks subject matter jurisdiction." Harris, 780 F.2d at 916. Unless a judge has acted in clear absence of all jurisdiction, his acts are protected by judicial immunity no matter how injurious they may be to the plaintiff.

Here, Judge Patterson acted in his judicial capacity[1] and acted within his jurisdiction as a magistrate judge in hearing the case against Plaintiff and issuing a judgment against Plaintiff. See O.C.G.A. § 15-10-2. Therefore, Defendant Patterson is entitled to judicial immunity from Plaintiff's federal claims brought under 42 U.S.C. § 1983 and from Plaintiff's state law claim for damages.[2]

### B.     Section 1983 Claim against Jones County

Plaintiff's § 1983 claim against Defendant Jones County must also be dismissed. Plaintiff specifically states that his § 1983 claim against Jones County is based on respondeat superior. (Compl. at ¶¶ 5, 68, 107). However, "[a] municipality may not be held liable under section 1983 on a theory of respondeat superior." Snow ex rel. Snow v. City of Citronelle, Ala., 420 F.3d 1262, 1270 (11th Cir. 2005); Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 98

---

[1] Whether an act by a judge is a "judicial" one relates "to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectation of the parties, i.e., whether they dealt with the judge in his judicial capacity." Mireles, 502 U.S. at 11 (citation omitted). The relevant inquiry is the "nature" and "function" of the act, not the "act itself." Id. at 13 (citation omitted). There is no question that Judge Patterson was acting in a judicial capacity when he dealt with Plaintiff.

[2] Judicial immunity also protects Defendant Patterson from Plaintiff's request for injunctive relief. See Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000); Redford v. Wright, 378 F.App'x 987, 987 (11th Cir. 2010); Esensoy v. McMillan, No. 06-12580, 2007 WL 257342, at *1 n. 5 (11th Cir. Jan. 31, 2007).

In any event, the Court cannot enjoin or set aside the state court judgment, as it lacks jurisdiction under the Rooker-Feldman doctrine to do so. Federal district courts "generally lack jurisdiction to review a final state court decision." Doe v. Fla. Bar, 630 F.3d 1336, 1341 (11th Cir. 2011) (citing D.C. Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) & Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923)).

S.Ct. 2018, 56 L.Ed.2d 611 (1978). Thus, Plaintiff's federal claims against Jones County are due to be dismissed.

### C. State Law Claim against Jones County

Plaintiff's last claim is a state law tortious negligence claim against Jones County. The County moves to dismiss this claim on the basis of sovereign immunity. Under the Constitution of the State of Georgia, "sovereign immunity extends to the state and all of its departments and agencies," and "can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of the waiver." Ga. Const. art. I, § 2, ¶ 9(e). The Georgia Supreme Court has held that "departments and agencies" of the State include counties, which are thus entitled to sovereign immunity from suit. Gilbert v. Richardson, 264 Ga. 744, 746-47, 452 S.E.2d 476, 479 (1994). "Sovereign immunity is not an affirmative defense . . . that must be established by the party seeking its protection. Instead, immunity from suit is a privilege that is subject to waiver by the State, and the waiver must be established by the party seeking to benefit from the waiver." Forsyth County v. Greer, 211 Ga. App. 444, 446, 439 S.E.2d 679, 681 (1993).

The Court finds that Plaintiff's state law claim against Jones County is barred by the doctrine of sovereign immunity. Plaintiff has not shown that Jones County waived sovereign immunity, and under Georgia law, it is his burden to do so. Therefore, Jones County is entitled to dismissal of Plaintiff's state law claim.

## IV.    CONCLUSION

Defendants' Motion to Dismiss (Doc. 6) is granted. Normally, the Court must allow a pro se plaintiff the opportunity to amend his complaint at least once before dismissing the action with prejudice. *See* Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991) (overruled on other grounds by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541 (11th Cir. 2002) (*en banc*) (not addressing pro se plaintiffs)). This requirement does not apply, however, when even a more carefully drafted complaint would not state a claim. In light of the immunities enjoyed by Judge Patterson and Jones County, and because there is no respondeat superior liability under § 1983, any amendment would be futile. *See* Simmons v. Edmondson, 225 F.App'x 787, 788-89 (11th Cir. 2007) (district court did not err in dismissing complaint with prejudice without first giving plaintiff leave to amend because no amendment could have overcome the defendants' immunity). Therefore, providing an opportunity to amend *sua sponte* is not required. Plaintiff's complaint is dismissed with prejudice. The Clerk of Court is directed to enter judgment in Defendants' favor and close this case.

**SO ORDERED**, this the 25th day of October, 2013.

>    */s/ Hugh Lawson*
>    **HUGH LAWSON, SENIOR JUDGE**

mbh

7